UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|   |   |   |
|---|---|---|
| RONALD WILLIAMS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No.: WDQ-10-2104 |
| WILLIAM ERBEY, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Ronald and Kathleen Williams sued William Erbey and David Gunter ("the Defendants"). Pending is the Defendants' motion to dismiss. For the following reasons, the motion will be granted.

I. Background[1]

On August 25, 2010, the Williamses sued the Defendants to enjoin foreclosure of their Pikesville, Maryland home. ECF No. 2.[2] The Williamses allege that this Court has federal question jurisdiction. *Id.* In its entirety, the Williams's *pro se* Amended Complaint states:

> Plaintiff is requesting a motion for [p]reliminary and permanent injunction [r]espectfully showing the Court

---

[1] For the motion to dismiss, the well-pled allegations in the Amended Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993).

[2] The Williamses first sued Art Lyon and Keith Becher on August 8, 2010. ECF No. 1. On August 25, 2010, the Williamses filed their Amended Complaint, which replaced Lyon and Becher with the Defendants. ECF No. 2. Lyon and Becher were terminated from the case.

the following. 1. [This claim is] [t]o dispute a pending foreclosure and is therefore subject to the jurisdiction of the Court. 2. Defendant[s] [are] seeking to foreclose on the property located at 4203 Lowell [D]rive Pikesville, MD 21208 and ha[ve] not established ownership interest in the property. An original mortgage note has not been produced [,] [w]hich would identify the Defendants as the true owner of interest. Defendants [are] claiming to be a secured creditor for the property located at 4203 Lowell [D]rive Pikesville, MD 21208 with evidence of Promissory Notes in the original principal[] amount of $216,800.00 and $54,200.00 with legal rights of ownership of interest. WHEREFORE PLAINTIFF PRAYS FOR THE FOLLOWING: (A) a [p]reliminary [i]njunction is granted until the Court can decide this matter, [p]reventing Defendants from enforcing foreclosure proceeding. (B) a [p]ermanent [i]njunction if Defendants cannot produce the original mortgage notes and establish true ownership of interest rights [p]reventing Defendants from foreclosing on property. (C) Plaintiff prays that Defendants also produce all accounting records from the time the loan was originated to present to establish accurate accounting records for Plaintiff[s'] inspection. (D) a [p]ermanent [i]njunction if Defendants cannot produce all accounting records.

*Id.*

On October 27, 2010, the Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) & (6). ECF No. 6.

II. Analysis

A. Standard of Review

The plaintiff bears the burden of proving subject matter jurisdiction. *Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). When, as here, a

Fed. R. Civ. P. 12 (b)(1) motion to dismiss for lack of subject matter jurisdiction challenges the sufficiency of the allegations in the complaint—and not their truth—the allegations are assumed to be true, and "the plaintiff, in effect, is afforded the same procedural protection as he would receive" on a motion to dismiss "under . . . Rule 12 (b)(6)." *Kerns v. United States,* 585 F.3d 187, 192 (4th Cir. 2009).

    B.   Defendants' Motion to Dismiss

The Defendants argue that this Court lacks subject matter jurisdiction because the Amended Complaint does not allege a federal statutory or Constitutional claim. Defs.' Mot. to Dismiss 5. The Williamses request that "the Court allow this case to be heard." Pls.' Opp'n 2. They allege that their claims "dispute a pending foreclosure" and are "subject to the jurisdiction of this Court." Amend. Compl.

Because the Williamses are proceeding *pro se,* their Amended Complaint is liberally construed. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "jurisdiction must still be pled and established." *Bell v. U.S. Army,* No. 3:08-cv-03523-GRA, 2008 WL 4680568, at *3 (D.S.C. Oct. 21, 2008). Liberal construction of a *pro se* complaint does not allow a court to "ignore a clear failure in the pleadings," *Surdak v. Ozmint,* No. 09-3287-HFF-PJG, 2010 WL 4595707, at *1 (D.S.C. Sept. 16, 2010)(*citing Weller v. Dep't of Soc. Servs.,* 901 F.2d 387 (4th Cir. 1990)),

3

and a court may not "conjure up questions never squarely presented" by the *pro se* litigant, *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

To determine whether there is federal question jurisdiction under 28 U.S.C. § 1331, courts apply the "well-pleaded complaint rule" and "look no farther than the plaintiff's complaint" to ascertain whether the "lawsuit raises issues of federal law." *Custer v. Sweeney,* 89 F.3d 1156, 1165 (4th Cir. 1996). A complaint "raises issues of federal law" when "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). Even if the complaint raises issues of federal law, a federal court is "without power to entertain [the suit]" if the claims are obviously meritless. *See Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974).

The Amended Complaint does not allege a federal law violation, or show entitlement to the requested relief. The Williamses essentially allege that the Defendants may not foreclose on their home because they have not shown an interest in the property. "It is settled that such disputes about the rightful ownership of [real property] within a state are matters of state law." *Deutsche Bank Nat'l Trust Co. v. Abraham,* No. 1:10-1965-MBS-JRM, 2010 WL 3609373, at *3 (D.S.C. Aug. 18,

2010).[3] As pled, the Williams's claims do not appear to "arise under the Constitution or laws of the United States." 28 U.S.C. § 1331.

The Williamses have shown neither federal question nor diversity jurisdiction.[4] As it appears that this Court lacks subject matter jurisdiction, the Defendants' motion to dismiss must be granted.

III. Conclusion

For the reasons stated above, the Defendants' motion to dismiss will be granted.

December 15, 2010                    _____/s/ _____
Date                                            William D. Quarles, Jr.
                                                           United States District Judge

---

[3] *See also* Md. Rule 14-204(codifying Maryland procedures for institution of foreclosure proceedings).

[4] There is no allegation of the Defendants' citizenship in the Amended Complaint, nor is there evidence of citizenship from which this Court may conclude that it has jurisdiction. *See Symeonidis v. Hurley & Koort, PLC,* No. 3:05CV762-JRS, 2006 WL 2375743, at *4 (E.D. Va. Aug. 15, 2006) (*pro se* complaint "must allege facts proving diverse *citizenship*" to survive Rule 12(b)(1) motion)(emphasis in original).